1 V. James DeSimone (SBN: 119668)
vjamesdesimone@gmail.com
2 Carmen D. Sabater (SBN: 303546)
Cds820@gmail.com
3 Ryann E. Hall (SBN: 306080)
rhall@bohmlaw.com
4 Emily C. Barbour (SBN: 337185)
5 ebarbour@bohmlaw.com; VJD000108@bohmlaw.com

**V. JAMES DESIMONE LAW**
6 13160 Mindanao Way, Suite 280
Marina del Rey, California 90292
7 Telephone: 310.693.5561
8 Facsimile: 323.544.6880

9 Attorneys for PLAINTIFFS,
10 JORDAN GUTIERREZ, by and through his GAL,
Margarita C. Gomez and YAJAIDA KEYS

11
UNITED STATES DISTRICT COURT
12 EASTERN DISTRICT OF CALIFORNIA

13

14 JORDAN GUTIERREZ, a disabled adult, | Case No:
by and through his Guardian ad Litem, |
15 Margarita C. Gomez and YAJAIDA | **PLAINTIFFS' COMPLAINT FOR**
KEYS, | **DAMAGES**

16            PLAINTIFFS,

17                                                   1. **Unreasonable Search and Seizure –**
         v.                                            **Detention and Arrest (42 U.S.C. 1983)**
18                                                   2. **Unreasonable Search and Seizure –**
                                                       **Excessive Force (42 U.S.C. § 1983)**
19 CITY OF VISALIA, a municipal entity;            3. **Unreasonable Search and Seizure – Denial**
CHIEF JASON SALAZAR in his                            **of Adequate Medical Care (42 U.S.C. §**
20 individual and official capacity;                    **1983)**
LIEUTENANT RON EPP; OFFICER                      4. **Municipal Liability for Unconstitutional**
21 AUSTIN VETETO; OFFICER SEAN                          **Custom, Practice, or Policy (42 U.S.C. §**
SCHIEBELHUT; OFFICER AARON                            **1983)**
22 STOCKER; and DEFENDANT DOES 1-                   5. **Title II of the Americans with Disabilities**
10;                                                   **Act (42 U.S.C. § 12131 *et seq*)**
23                                                   6. **Section 504 of the Rehabilitation Act (29**
            DEFENDANTS.                                **U.S.C. § 794 *et seq*)**
24                                                   7. **False Arrest/False Imprisonment**
                                                     8. **Assault and Battery**
25                                                   9. **Negligence**
                                                    10. **Violation of Bane Civil Rights Act (Civil**
26                                                       **Code § 52.1)**
                                                    11. **Intentional Infliction of Emotional Distress**
27                                                   12. **Negligent Infliction of Emotional Distress**

28                                                   **DEMAND FOR JURY TRIAL**

1
**PLAINTIFFS COMPLAINT FOR DAMAGES**

*Gutierrez, et al. v. City of Visalia, et al.*
Case No.:

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Ryann E. Hall, Esq.
Emily C. Barbour, Esq.

PLAINTIFFS, JORDAN GUTIERREZ, a disabled adult (paranoid schizophrenic), (hereinafter "Mr. GUTIERREZ") by and through his Guardian ad Litem, Margarita C. Gomez, Mr. GUTIERREZ's adult aunt, and YAJAIDA KEYS, mother of 'Mr. GUTIERREZ, (hereinafter "Ms. KEYS") (collectively "PLAINTIFFS") for their complaint against DEFENDANTS LIEUTENANT RON EPP; OFFICER AUSTIN VETETO; OFFICER SEAN SCHIEBELHUT; OFFICER AARON STOCKER, CITY OF VISALIA, and Visalia Police Chief JASON SALAZAR, inclusive, allege as follows:

## NATURE OF ACTION

1.     This civil rights action seeks compensatory damages against DEFENDANTS and punitive damages only from individual DEFENDANTS LIEUTENANT RON EPP; OFFICER AUSTIN VETETO; OFFICER SEAN SCHIEBELHUT; OFFICER AARON STOCKER (hereinafter individually known as OFFICER ONE, TWO, THREE or FOUR and collectively known as "DEFENDANT OFFICERS 1-4" for violating PLAINTIFFS' rights under the United States Constitution and state law in connection with the officers' unjustified attack, assault and use of force and a police canine (K-9), handcuffing, and arrest and detention of Mr. GUTIERREZ.

2.     DEFENDANT VISALIA POLICE CHIEF JASON SALAZAR ("CHIEF SALAZAR") has failed to impose adequate discipline on his officers who committed different types of excessive force and unjustified arrests, creating a culture of impunity with the Visalia Police Department ("VPD") that encourages such violence and incidents of unreasonable force against the public.

3.     The CITY OF VISALIA ("CITY") by summarily rejecting Mr. GUTIERREZ and Ms. KEYS' claims for Damages, has proved unwilling to accept responsibility for the wrong committed by its officers. The CITY continues to violate its citizens' rights by ignoring the allegations and preventing these incidents from happening.

4.     DEFENDANTS DOES 1-10 are directly liable for PLAINTIFFS' injuries under federal law pursuant to 42 U.S.C. § 1983.

5.     DEFENDANTS, CITY OF VISALIA, EPP, VETETO, SCHIEBELHUT, STOCKER, and SALAZAR, also proximately caused PLAINTIFFS' injuries and are liable under

1   state and federal law and, CITY AND SALAZAR are liable under principles set forth in *Monell*
2   *v. Department of Social Services*, 436 U.S. 658 (1978).

3       6.      The policies and customs behind attacking and arresting civilians such as Mr.
4   GUTIERREZ and Ms. KEYS are fundamentally unconstitutional and constitute a menace of
5   major proportions to the public. Accordingly, insofar as Mr. GUTIERREZ and Ms. KEYS herein
6   seek by means of this civil rights action to hold accountable those responsible for the unjustified
7   attack, assault, use of force, use of K-9 (dog) force, handcuffing, detention and arrest of Mr.
8   GUTIERREZ and unjustified arrest of Ms. KEYS, to challenge the CITY'S unconstitutional
9   policies and practices, this civil rights action is firmly in the public interest.

10                          **PARTIES AND THEIR AGENTS**

11      7.      PLAINTIFF, JORDAN GUTIERREZ is a twenty-two-year-old disabled man
12  (paranoid schizophrenic with psychosis), and at all times mentioned in this Complaint was a
13  resident of the City of Visalia, California.

14      8.      Mr. GUTIERREZ was diagnosed as a paranoid schizophrenic with psychosis
15  when he was seventeen years old and as a result, he receives Social Security Disability.

16      9.      PLAINTIFF, Ms. KEYS is a forty-two-year-old woman and the mother of Mr.
17  GUTIERREZ and at all times mentioned in this Complaint was a resident of the City of Visalia,
18  California.

19      10.     PLAINTIFFS are informed and believe that DEFENDANT OFFICERS 1-4, are
20  individuals living in the County of Tulare, California. At all relevant times, DEFENDANT
21  OFFICERS1-4 were public employees and agents of DEFENDANT CITY OF VISALIA and
22  were acting within the course and scope of their respective duties as police officers and with
23  complete authority and ratification of their principal DEFENDANT CITY OF VISALIA.

24      11.     PLAINTIFFS are informed and believe, and thereon allege, that DOES 1-10 were
25  agents, servants, and employees of DEFENDANT CITY OF VISALIA and/or the Visalia Police
26  Department ("VPD"). PLAINTIFFS are ignorant of the true names and capacities of
27  DEFENDANTS sued herein as DOES 1-10, inclusive, and therefore sue these DEFENDANTS
28  by such fictitious names. PLAINTIFFS will amend this Complaint to allege their true names and

**PLAINTIFFS COMPLAINT FOR DAMAGES**

*Gutierrez, et al. v. City of Visalia, et al.*                                          V. James DeSimone, Esq.
Case No.:                                                                              Carmen D. Sabater, Esq.
                                                                                       Ryann E. Hall, Esq.
                                                                                       Emily C. Barbour, Esq.

1  capacities when ascertained. As such, the individual DOE DEFENDANTS are sued in both their

2  individual and official capacities.

3      12.    In doing the acts and failing and omitting to act as hereinafter described

4  DEFENDANT OFFICERS 1-4 and DOES 1-10 were acting on the implied and actual permission

5  and consent of CITY OF VISALIA and SALAZAR.

6      13.    DEFENDANT CITY OF VISALIA is a municipal corporation duly organized and

7  existing under the Constitution and laws of the State of California. VPD is an agency of CITY

8  OF VISALIA, and all actions of the VPD are the legal responsibility of the CITY OF VISALIA.

9  CITY OF VISALIA is sued in its own right on the basis of its policies, customs, and practices

10  that gave rise to PLAINTIFFS' federal claims and on the basis of *respondeat superior* for the

11  State Law causes of action.

12      14.    DEFENDANT JASON SALAZAR is, and was at all times relevant to this action,

13  the VPD police chief and a policymaker for his department.  He is sued in both his individual and

14  official capacities.

15      15.    All DEFENDANTS who are natural persons, including DOES 1-10, are sued

16  individually and/or in his/her official capacity as officers, sergeants, captains, commanders,

17  supervisors, and/or civilian employees, agents, policy makers, and representatives for the CITY

18  OF VISALIA .

19      16.    DEFENDANTS are liable for PLAINTIFFS' injuries under California law and

20  under the doctrine of *respondeat superior*.  Liability under California law for public entities and

21  public employees is based upon California Government Code §§ 815.2 and 820.

22      17.    At all times mentioned herein, each and every DEFENDANT was the agent of

23  each and every other DEFENDANT and had the legal duty to oversee and supervise the hiring,

24  conduct and employment of each and every DEFENDANT herein.

25      18.    Finally, at all relevant times mentioned herein, all DEFENDANTS acted as agents

26  of all other DEFENDANTS in committing the acts alleged herein.

27  **JURISDICTION AND VENUE**

28      19.    This Court has subject matter jurisdiction over the PLAINTIFFS' claims pursuant

*Gutierrez, et al. v. City of Visalia, et al.*
Case No.:

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Ryann E. Hall, Esq.
Emily C. Barbour, Esq.

1  to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights jurisdiction).  This Court

2  has jurisdiction to issue declaratory or injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202

3  and Federal Rule of Civil Procedure 57.

4       20.     Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391,

5  as all DEFENDANTS and the events giving rise to the claims herein occurred in the Eastern

6  District of California.

7  **ADMINISTRATIVE REMEDIES**

8       21.     PLAINTIFFS filed their comprehensive claims for damages in accordance with

9  Government Code §§ 910 and 911.2 against DEFENDANT CITY OF VISALIA on or around

10  April 13, 2021. (See Attached Exhibit "A").

11       22.     The CITY OF VISALIA rejected PLAINTIFFS' claims for damages on June 2,

12  2021.

13  **FACTS COMMON TO ALL CAUSES OF ACTION**

14       23.     PLAINTIFF JORDAN GUTIERREZ, born December 31, 1998, is a 22-year-old

15  disabled man (paranoid schizophrenic with psychosis), who currently, and at all times relevant to

16  this Complaint, resides in the City of Visalia, California.

17       24.     PLAINTIFF YAJAIDA KEYS, is the mother of Mr. GUTIERREZ who currently,

18  and at all times relevant to this Complaint, resides in the City of Visalia, California.

19       25.     On October 20, 2020, at or around 5:00pm, Ms. KEYS, the mother of JORDAN

20  GUTIERREZ, a then 21-year-old man suffering from paranoid schizophrenia with psychosis,

21  called for emergency assistance to take her son to a hospital. She believed he was in need of

22  immediate mental health treatment.

23       26.     Ms. KEYS advised the dispatcher that Mr. GUTIERREZ was suffering from

24  paranoid schizophrenia. Ms. KEYS also advised the dispatcher that Mr. GUTIERREZ did not

25  have any weapons.

26       27.     While Ms. KEYS was on the phone with the dispatcher, she was also following

27  Mr. GUTIERREZ, who was walking on foot.

28       28.     Based on the information provided by Ms. KEYS, police officers identified Mr.

**PLAINTIFFS COMPLAINT FOR DAMAGES**

*Gutierrez, et al. v. City of Visalia, et al.*                                    V. James DeSimone, Esq.

Case No.:                                                Carmen D. Sabater, Esq.

                                                  Ryann E. Hall, Esq.

                                                 Emily C. Barbour, Esq.

1  GUTIERREZ near 2034 Chelsea Ct. Visalia, CA. DEFENDANT OFFICERS 1-4 arrived in two

2  police cars, which they parked in front of that address.

3       29.     Because she had been following Mr. GUTIERREZ, Ms. KEYS was already on the

4  scene when the police officers arrived. Ms. KEYS told the police officers the same information

5  she had told the dispatcher:  Mr. GUTIERREZ was a schizophrenic; he had no weapons; and he

6  needed help.

7       30.     With all four of the Defendant Officers on the scene, OFFICER ONE pulled out a

8  taser and aimed it at Mr. GUTIERREZ as OFFICER ONE began to approach Mr. GUTIERREZ.

9  Both of Mr. GUTIERREZ's hands were out of his pockets and clearly visible:  he held one hand

10  up in the air, and the other pressed his cell phone to his ear.

11       31.     Horrified, Ms. KEYES told OFFICER ONE that tasing Mr. GUTIERREZ would

12  not help. She reiterated that Mr. GUTIERREZ was a schizophrenic in need of medical attention.

13       32.     OFFICER ONE responded that if Ms. KEYES did not back up, he would arrest

14  her. Ms. KEYES complied with OFFICER ONE's commands to back up to the "white car."

15       33.     OFFICER TWO then joined OFFICER ONE and, together, they approached Mr.

16  GUTIERREZ, cornering him against the wall of a building. Mr. GUTIERREZ remained still with

17  his hands plainly visible.

18       34.     OFFICER THREE then approached Mr. GUTIERREZ with a K-9 dog on a leash.

19  Ms. KEYS, worried for her son's safety, cried out, "That is not necessary."

20       35.     While Ms. KEYS watched, OFFICER ONE and OFFICER TWO started yelling

21  at Mr. GUTIERREZ. OFFICER ONE and OFFICER TWO positioned themselves so that one

22  officer was on either side of Mr. GUTIERREZ and continued to yell at a terrified Mr.

23  GUTIERREZ.  Mr. GUTIERREZ did not move but instead kept the cell phone pressed to his ear.

24       36.     OFFICER ONE and OFFICER TWO then grabbed Mr. GUTIERREZ's arms and

25  forced them behind his back.

26       37.     Once Mr. GUTIERREZ was defenseless with his arms held behind his back,

27  OFFICER THREE ordered the K-9 dog to attack Mr. GUTIERREZ.

28  ///

**PLAINTIFFS COMPLAINT FOR DAMAGES**

*Gutierrez, et al. v. City of Visalia, et al.*
Case No.:

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Ryann E. Hall, Esq.
Emily C. Barbour, Esq.

1   38.     OFFICER THREE held the leash for the K-9 dog watching, along with the other

2   three DEFENDANT OFFICERS, as the K-9 dog repeatedly bit into Mr. GUTIERREZ's flesh.

3   39.     First, the K-9 dog bit Mr. Gutierrez's hip. Mr. GUTIERREZ screamed and lurched

4   to the side in pain.

5   40.     In agony for her son, Ms. KEYS cried out "Hey! Hey! Hey!" repeatedly, trying to

6   stop the attack.

7   41.     After the first bite, DEFENDANT OFFICERS 1-4 did not call off the dog,

8   intervene, or take any action to shield Mr. GUTIERREZ from further injury. Instead, OFFICER

9   FOUR continued to watch and OFFICER ONE and OFFICER TWO continued to hold Mr.

10   GUTIERREZ's arms back.

11   42.     OFFICER THREE then allowed the K-9 dog to jump on Mr. GUTIERREZ again.

12   This time, the dog tore into Mr. GUTIERREZ's face.

13   43.     While DEFENDANT OFFICERS 1-4 and a horrified Ms. KEYS watched, the K-

14   9 dog's fangs sliced open Mr. GUTIERREZ's neck beneath his chin, Mr. GUTIERREZ's bottom

15   lip, and his nostril down almost to his top lip. Blood gushed from Mr. GUTIERREZ's face.

16   44.     Throughout the attack, Mr. GUTIERREZ sobbed and screamed in pain, and Ms.

17   KEYS cried out for her son.

18   45.     Following the dog attack, Mr. GUTIERREZ was crying and bleeding profusely.

19   His face was covered with blood. There was blood running down his face and staining his shirt.

20   46.     As he sobbed, DEFENDANT OFFICERS patted Mr. GUTIERREZ down,

21   handcuffed him, and led him past his mother towards a police car.

22   47.     Ms. KEYS, crying and unable to comfort her son, called out, "This was not what

23   I asked for," to which OFFICER ONE responded, "I'm going to arrest you."

24   48.     Ms. KEYS cried out repeatedly that her son needed medical attention.

25   49.     Mr. GUTIERREZ sobbed, "I don't understand."

26   50.     As DEFENDANT OFFICERS 1-4 put Mr. GUTIERREZ into the back of the

27   police car, one of the officers stated, "If he wants to fight with police, he's going to get dog bit."

28   However, Mr. GUTIERREZ had not fought with the police.

**PLAINTIFFS COMPLAINT FOR DAMAGES**
*Gutierrez, et al. v. City of Visalia, et al.*                                           V. James DeSimone, Esq.
Case No.:                                                                                 Carmen D. Sabater, Esq.
                                                                                          Ryann E. Hall, Esq.
                                                                                          Emily C. Barbour, Esq.

51.     Another officer, when asked if the officers had any mental health training, responded, "Are you telling me a schizophrenic can't hurt police?"  However, Mr. GUTIERREZ had neither hurt nor threatened to hurt the police.

52.     DEFENDANT OFFICERS 1-4 did not summon an ambulance or provide first aid to the confused and bleeding Mr. GUTIERREZ.

53.     Instead, DEFENDANT OFFICERS 1-4 left Mr. GUTIERREZ, afraid, alone, mentally ill, his face bleeding and riddled with dog bites, in the back of the police car for approximately half an hour.

54.     After thirty minutes had passed, DEFENDANT OFFICERS transported Mr. GUTIERREZ to a hospital to be treated for a dog bite.

55.     Once at the hospital, neither DEFENDANT OFFICERS 1-4 nor anyone with the VISALIA POLICE DEPARTMENT alerted hospital staff to Mr. GUTIERREZ's need for mental health treatment.

56.     The VISALIA POLICE DEPARTMENT then transported Mr. GUTIERREZ from the hospital to a jail facility without his clothes.

57.     For approximately two days, the VISALIA POLICE DEPARTMENT left the wounded, traumatized, and mentally ill Mr. Gutierrez in a jail facility with nothing to wear except a medical gown, underwear, and shoes.

58.     During the time that Mr. GUTIERREZ was in jail, Ms. KEYS called the VISALIA POLICE DEPARTMENT and notified them that Mr. GUTIERREZ needed his medications for his diagnosed schizophrenia.

59.     During the time that Mr. GUTIERREZ was in jail, the VISALIA POLICE DEPARTMENT did not provide Mr. GUTIERREZ with any medication or treatment for his mental illness.

///

///

///

///

---

8

**PLAINTIFFS COMPLAINT FOR DAMAGES**

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Ryann E. Hall, Esq.
Emily C. Barbour, Esq.

60.     As a result of the VISALIA POLICE DEPARTMENT's actions, Mr. GUTIERREZ did not receive the mental health treatment he needed.  Instead, the actions and omissions of the VISALIA POLICE DEPARMENT exacerbated Mr. GUTIERREZ's mental health condition, left him physically and emotionally injured, and inflicted extreme emotional distress on his mother.

61.     The relentless mauling by the K-9 dog under the control of DEFENDANT OFFICER THREE left Mr. GUTIERREZ with physical injuries, including deep flesh wounds, permanent scarring, and facial disfigurement. Mr. GUTIERREZ is now depressed, ashamed, and anxious about his appearance. He does not want to be seen in public and wants to keep the scars on his face and neck hidden from sight.

62.     The attack by DEFENDANT OFFICERS ONE, TWO, and THREE, which was overseen by OFFICER FOUR, also inflicted severe emotional injuries on Mr. GUTIERREZ. The attack traumatized Mr. GUTIERREZ and exacerbated the symptoms of his mental illness. In the months since the attack, Mr. GUTIERREZ has suffered from heightened paranoia, depression, severe anxiety, nightmares, poor concentration, poor hygiene, and disturbed sleep patterns. He prefers to stay in his room with his blinds closed and even eats his meals by himself in the dark. Once an avid dog lover, Mr. GUTIERREZ is now terrified of dogs, and, at the sight of police officers, Mr. GUTIERREZ puts his hands up and weeps.

63.     On October 22, 2020, Ms. KEYS filed a complaint ("October 22, 2020, Complaint") with the VISALIA POLICE DEPARTMENT and Sergeant Celeste Sanchez, the Visalia Police Department's Public Information Officer, in which she alleged personnel misconduct by DEFENDANT OFFICERS 1-4 (Lieutenant Ron Epp; Officer Austin Veteto; Officer Sean Schiebelhut; and Officer Aaron Stocker) in connection with the October 20, 2020, attack on Mr. GUTIERREZ.

64.     In the October 22, 2020, Complaint, Ms. KEYS asserted that DEFENDANT OFFICERS 1-4 engaged in police brutality, used excessive force, had no mental health training, and racially profiled Mr. GUTIERREZ.

///

**PLAINTIFFS COMPLAINT FOR DAMAGES**

*Gutierrez, et al. v. City of Visalia, et al.*
Case No.:

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Ryann E. Hall, Esq.
Emily C. Barbour, Esq.

65.     Approximately two (2) months after Ms. KEYS personally went to the Visalia police station to file the October 22, 2020, Complaint, Ms. KEYS received a letter from the Tulare County Superior Court advising her that there was a warrant for her arrest and that she would be charged in connection with DEFENDANT OFFICERS' 1-4 brutal attack of her son, Mr. GUTIERREZ, on October 20, 2020.

66.     The CITY OF VISALIA rejected PLAINTIFFS' claims for damages on December 8, 2020, a week before Tulare County notified Ms. KEYS of the warrant for her arrest.

67.     The intentional and negligent actions of DEFENDANT OFFICERS 1-4 in forcing Ms. KEYS to stand helplessly nearby while her terrified mentally ill son was mauled by a police dog and his medical needs ignored also inflicted severe emotional distress on Ms. KEYS and caused ongoing psychological and emotional trauma.

68.     At a minimum, DEFENDANT OFFICERS 1-4 acted negligently, and were negligently trained by the VISALIA POLICE DEPARTMENT. DEFENDANT OFFICERS 1-4 knew or should have known that Mr. GUTIERREZ was vulnerable and in need of assistance in accessing mental health treatment and, further, at the time DEFENDANT OFFICERS 1-4 used the K-9 dog to attack him, Mr. GUTIERREZ was being physically restrained and did not present a threat to either the officers' safety or the safety of others.

69.      The CITY OF VISALIA, through CHIEF SALAZAR and the VISALIA POLICE DEPARTMENT, negligently hired, trained, supervised, and retained DEFENDANT OFFICERS 1-4.

70.     The CITY OF VISALIA, through CHIEF SALAZAR and the VISALIA POLICE DEPARTMENT, has failed to train its officers in how to constitutionally respond to individuals experiencing a mental health crisis. The officers responding to Ms. KEYS' call for assistance espoused the view that someone in a mental health crisis should be perceived and approached as a threat. The CITY OF VISALIA has been made aware of the deficiencies in its training but has not rectified the problem. This resulted in the unreasonable and excessive use of force against Mr. GUTIERREZ.

71.     The CITY OF VISALIA, through CHIEF SALAZAR and the VISALIA POLICE

**PLAINTIFFS COMPLAINT FOR DAMAGES**

*Gutierrez, et al. v. City of Visalia, et al.*                                                    V. James DeSimone, Esq.
Case No.:                                                                                         Carmen D. Sabater, Esq.
                                                                                                  Ryann E. Hall, Esq.
                                                                                                  Emily C. Barbour, Esq.

DEPARTMENT, have a custom and practice of using and tolerating the use of unnecessary force against its citizens, including individuals who are already physically restrained. In particular, the CITY OF VISALIA, through CHIEF SALAZAR and the VISALIA POLICE DEPARTMENT, has a custom and practice of unleashing K-9 dogs to tear into the flesh of defenseless citizens. The CITY OF VISALIA has been made aware of the deficiencies in its training but has not rectified the problem. This resulted in the unreasonable and excessive use of force against Mr. GUTIERREZ.

72.     The CITY OF VISALIA, through CHIEF SALAZAR and the VISALIA POLICE DEPARTMENT, have a custom and practice of tolerating and condoning a culture of falsifying reports, making unjustified arrests, and maliciously initiating criminal prosecutions. This resulted in the unreasonable and unfounded charges against Mr. GUTIERREZ and Ms. KEYES.

**FIRST CAUSE OF ACTION**

**UNREASONABLE SEARCH AND SEIZURE – DETENTION AND ARREST (42 U.S.C. § 1983)**

**(ON BEHALF OF ALL PLAINTIFFS AGAINST ALL DEFENDANTS)**

73.     The allegations PLAINTIFFS set forth in this complaint are hereby re-alleged and incorporated by reference.

74.     DEFENDANT OFFICERS 1-4 were repeatedly informed that Ms. KEYS called the police because she needed help getting Mr. GUTIERREZ to a hospital for urgent mental health treatment.

75.     DEFENDANT OFFICERS 1-4 approached Mr. GUTIERREZ with their weapons drawn and began yelling at both him and his mother, thereby escalating the situation.

76.     As a result of DEFENDANT OFFICERS 1-4's unnecessary tactics, Mr. GUTIERREZ became scared and confused, but his hands were visible and it was apparent that he was not armed.

77.     DEFENDANT OFFICERS 1-4 physically restrained Mr. GUTIERREZ and invited and permitted a K-9 dog to bite Mr. GUTIERREZ repeatedly and maul his face.

///

**PLAINTIFFS COMPLAINT FOR DAMAGES**
*Gutierrez, et al. v. City of Visalia, et al.*                                    V. James DeSimone, Esq.
Case No.:                                                                        Carmen D. Sabater, Esq.
                                                                                 Ryann E. Hall, Esq.
                                                                                 Emily C. Barbour, Esq.

78.     DEFENDANT OFFICERS 1-4 then handcuffed Mr. GUTIERREZ, denied him access to mental health treatment, and detained him in jail for two days.

79.     DEFENDANT OFFICERS 1-4, individuals and agents of the CITY OF VISALIA, arrested and detained Mr. GUTIERREZ without probable cause in violation of his right to be secure in his person against unreasonable searches and seizures guaranteed under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

80.     Defendants also falsely arrested Plaintiff Keys in that she was not free to move during the incident and they falsely accused her of criminal conduct.

81.     The conduct of DEFENDANT OFFICERS 1-4 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Mr. GUTIERREZ, and therefore warrants the imposition of exemplary and punitive damages as to DEFENDANT OFFICERS 1-4.

82.     As a result of the conduct by DEFENDANT OFFICERS 1-4, they are liable for Mr. GUTIERREZ's injuries either because they were integral participants in the wrongful arrest and detention, or because they failed to intervene to prevent these violations.

83.     DEFENDANT OFFICERS 1-4 are each liable to Mr. GUTIERREZ for compensatory and punitive damages under 42 U.S.C § 1983. Mr. GUTIERREZ also seeks reasonable attorney's fees under this claim.

## SECOND CAUSE OF ACTION

**UNREASONABLE SEARCH AND SEIZURE – EXCESSIVE FORCE (42 U.S.C. § 1983)**

**(ON BEHALF OF JORDAN GUTIERREZ AGAINST ALL DEFENDANTS)**

84.     The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

85.     Mr. GUTIERREZ was not armed, was not suspected of committing a crime, kept his hands visible, and posed no risk to DEFENDANT OFFICERS 1-4 or any other person.

86.     DEFENDANT OFFICERS 1-4 knew, and had been repeatedly informed, that the reason for Ms. KEYS' call was that she needed assistance getting Mr. GUTIERREZ to the

1  hospital for mental health treatment in connection with his paranoid schizophrenia.

2    87.    Without any justification, DEFENDANT OFFICERS 1-4 engaged in the

3  unreasonable use of force against Mr. GUTIERREZ, including but not limited to, attacking,

4  shoving up against the garage door, grabbing, twisting wrists, physically restraining him and using

5  a K-9 dog to attack him and maul his face, and handcuffing and slamming to the car without any

6  justification, thereby depriving Mr. GUTIERREZ of his right to be secure in his person against

7  unreasonable searches and seizures as guaranteed under the Fourth Amendment to the United

8  States Constitution and applied to state actors by the Fourteenth Amendment, and further deprived

9  Mr. GUTIERREZ of due process as guaranteed to him under the Fourteenth Amendment to the

10  United States Constitution.

11    88.    As a result, Mr. GUTIERREZ suffered serious physical, psychological, and

12  emotional injury, including, but not limited to, deep flesh wounds, scarring and permanent facial

13  disfigurement, depression, and anxiety.

14    89.    The conduct of DEFENDANT OFFICERS 1-4 was willful, wanton, malicious and

15  done with reckless disregard for the rights and safety of Mr. GUTIERREZ and therefore warrants

16  the imposition of exemplary and punitive damages against DEFENDANT OFFICERS 1-4.

17    90.    As a result of DEFENDANT OFFICERS 1-4's unreasonable and excessive use of

18  force, Mr. GUTIERREZ suffered severe mental anguish and pain and was injured in both mind

19  and body. Mr. GUTIERREZ is also claiming medical expenses.

20    91.    Accordingly, DEFENDANT OFFICERS 1-4 are each liable to Mr. GUTIERREZ

21  for compensatory damages under 42 U.S.C § 1983. Mr. GUTIERREZ also seeks reasonable

22  attorney's fees under this claim.

23  **THIRD CAUSE OF ACTION**

24  **UNREASONABLE SEARCH AND SEIZURE – DENIAL OF ADEQUATE MEDICAL**

25  **CARE (42 U.S.C. § 1983)**

26  **(ON BEHALF OF JORDAN GUTIERREZ AGAINST ALL DEFENDANTS)**

27    92.    The allegations set forth in this complaint are hereby re-alleged and incorporated

28  by reference.

**PLAINTIFFS COMPLAINT FOR DAMAGES**

*Gutierrez, et al. v. City of Visalia, et al.*                    V. James DeSimone, Esq.
Case No.:                                                          Carmen D. Sabater, Esq.
                                                                   Ryann E. Hall, Esq.
                                                                   Emily C. Barbour, Esq.

93.     Given that DEFENDANT OFFICERS 1-4 knew, and were repeatedly informed, that Mr. GUTIERREZ needed mental health treatment for schizophrenia, DEFENDANT OFFICERS 1-4 knew that their failure to obtain treatment for Mr. GUTIERREZ's mental health condition could result in further significant injury or the unnecessary and wanton infliction of pain. However, DEFENDANT OFFICERS 1-4 inexplicably used tactics, such as yelling, drawing their weapons, and using a K-9 dog to attack Mr. GUTIERREZ and maul his face, that disregarded and exacerbated Mr. GUTIERREZ's serious medical need.

94.     Additionally, DEFENDANT OFFICERS 1-4 knew that their failure to obtain treatment for Mr. GUTIERREZ's mental health condition could result in further significant injury or the unnecessary and wanton infliction of pain, but they:  delayed in bringing Mr. GUTIERREZ to a hospital, leaving him to sit in the police car alone, scared, confused, and bleeding, for approximately 30 minutes, before driving away; did not tell medical staff at the hospital that Mr. GUTIERREZ needed mental health treatment, thereby preventing Mr. GUTIERREZ from getting the treatment he needed—and for which his mother had called for emergency assistance; and placed Mr. GUTIERREZ in a jail cell without him either seeing a mental health practitioner or receiving his psychiatric medications.

95.     CITY OF VISALIA, through CHIEF SALAZAR and the VISALIA POLICE DEPARTMENT, knew that Mr. GUTIERREZ needed psychiatric medications because Ms. KEYS both called the VISALIA POLICE DEPARTMENT because she needed help getting Mr. GUTIERREZ to a hospital for treatment and called the VISALIA POLICE DEPARTMENT after Mr. GUTIERREZ was arrested and detained to alert them to his need for psychiatric medications. However, the VISALIA POLICE DEPARTMENT did not give Mr. GUTIERREZ his necessary medications.

96.     Instead, the VISALIA POLICE DEPARTMENT left the wounded, traumatized, and mentally ill Mr. Gutierrez in a jail facility for two days in only his underwear, a medical gown, and a pair of shoes.

///

///

**PLAINTIFFS COMPLAINT FOR DAMAGES**

*Gutierrez, et al. v. City of Visalia, et al.*
Case No.:

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Ryann E. Hall, Esq.
Emily C. Barbour, Esq.

97.     DEFENDANT OFFICERS 1-4 and the CITY OF VISALIA, through CHIEF SALAZAR and the VISALIA POLICE DEPARTMENT, knew that Mr. GUTIERREZ was suffering from a serious mental health condition that required treatment and, without proper treatment, could result in serious injury and/or the wanton infliction of pain.   However, DEFENDANT OFFICERS 1-4 and the CITY OF VISALIA, through CHIEF SALAZAR and the VISALIA POLICE DEPARTMENT, knowingly and repeatedly exacerbated and failed to treat Mr. GUTIERREZ's serious mental health condition in connection with his arrest and detention.

98.     The actions of DEFENDANT OFFICERS 1-4 and DEFENDANTS CITY OF VISALIA and the VISALIA POLICE DEPARTMENT, in denying Mr. GUTIERREZ **any** mental health treatment for two days, despite the fact that Mr. GUTIERREZ's urgent need for mental health treatment was the basis for Ms. KEYS' initial call to the police, was objectively unreasonable and deprived Mr. GUTIERREZ of his post-arrest right to adequate medical care guaranteed by the Fourth Amendment to the United States Constitution.

99.     The actions and omissions of DEFENDANT OFFICERS 1-4 in connection with Mr. GUTIERREZ's serious mental health condition were willful, wanton, malicious, and done with reckless disregard for the rights and safety of Mr. GUTIERREZ and therefore warrants the imposition of exemplary and punitive damages against DEFENDANT OFFICERS 1-4.

100.    As a result of the actions and omissions of DEFENDANT OFFICERS 1-4 in connection with Mr. GUTIERREZ's serious mental health condition, Mr. GUTIERREZ suffered severe mental anguish and pain and his mental illness has been exacerbated.   Mr. GUTIERREZ is also claiming medical expenses.

101.    Accordingly, DEFENDANT OFFICERS 1-4 are each liable to Mr. GUTIERREZ for compensatory damages under 42 U.S.C § 1983. Mr. GUTIERREZ also seeks reasonable attorney's fees under this claim.

///

///

///

///

**PLAINTIFFS COMPLAINT FOR DAMAGES**

*Gutierrez, et al. v. City of Visalia, et al.*                    V. James DeSimone, Esq.
Case No.:                                                          Carmen D. Sabater, Esq.
                                                                   Ryann E. Hall, Esq.
                                                                   Emily C. Barbour, Esq.

1
2
3
4

**FOURTH CAUSE OF ACTION**

**MUNICIPAL LIABILITY FOR UNCONSTITUTIONAL CUSTOM OR POLICY (42 U.S.C. § 1983)**

**(ON BEHALF OF JORDAN GUTIERREZ AGAINST ALL DEFENDANTS)**

5   102.   The allegations set forth in this complaint are hereby re-alleged and incorporated
6   by reference.

7   103.   Based upon the principles set forth in *Monell v. New York City Department of*
8   *Social Services*, 436 U.S. 658 (1978), DEFENDANT CITY is liable for all injuries sustained by
9   PLAINTIFFS as set forth herein. DEFENDANT CITY bears liability because its policies,
10   practices, and customs were a cause of, and the moving force for, PLAINTIFFS' injuries, and
11   DEFEDANT CITY ratified the unlawful actions of its employees that caused PLAINTIFFS'
12   injuries.

13   104.   Indeed, DEFENDANT OFFICERS 1-4's use of force against Mr. GUTIERREZ,
14   who was unarmed, had not committed (and was not suspected of committing) a crime, and was
15   in need of urgent mental health treatment was ratified by CITY OF VISALIA POLICE
16   DEPARTMENT supervisorial officers, including DEFENDANT Police Chief SALAZAR.

17   105.   On and for some time prior to October 20, 2020 (and continuing to the present
18   date), Defendants CITY OF VISALIA, Visalia Police CHIEF SALAZAR, and DOE
19   SUPERVISORS within the Visalia Police Department deprived Mr. GUTIERREZ of the rights
20   and liberties secured to him by the Fourth and Fourteenth Amendments to the United States
21   Constitution, in that said Defendants and their supervising and managerial employees, agents,
22   and representatives, acting with gross negligence and with reckless and deliberate indifference
23   to the rights and liberties of the public in general, and of Mr. GUTIERREZ, and of persons in
24   his class, situation, and comparable position in particular, knowingly maintained, enforced, and
25   applied an official recognized CITY custom, policy, and practice of:

26   a.   Employing and retaining as police officers and other personnel, including
27      DEFENDANT OFFICERS 1-4 who DEFENDANTS CITY, SALAZAR, and
28      DOE SUPERVISORS, at all times material herein knew or reasonably should have

**PLAINTIFFS COMPLAINT FOR DAMAGES**

*Gutierrez, et al. v. City of Visalia, et al.*
Case No.:

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Ryann E. Hall, Esq.
Emily C. Barbour, Esq.

1    known had dangerous propensities for abusing their authority by excessive force,

2    and for mistreating citizens by failing to follow written CITY Police Department's

3    policies, including the use of excessive force and use of K-9's to maul, bite and

4    injure helpless and/or disabled individuals;

5   b.  Inadequately supervising, training, controlling, assigning, and disciplining CITY

6    Police Officers, and other CITY personnel, including DEFENDANT OFFICERS

7    1-4, who Defendants CITY and DOE SUPERVISORS each knew or in the

8    exercise of reasonable care should have known had the aforementioned

9    propensities and character traits including the propensity for violence and the use

10   of excessive force;

11   c.  Maintaining grossly inadequate procedures for reporting, supervising,

12   investigating, reviewing, disciplining and controlling the intentional misconduct

13   by DEEFENDANTS OFFICERS 1-4 and others, who are CITY employees and

14   police officers;

15   d.  Failing to adequately train officers, including DEEFENDANTS OFFICERS 1-4,

16   and failing to institute appropriate policies, regarding constitutional procedures

17   and practices for use of force, particularly with respect to individuals requiring

18   mental health treatment at the time of contact with the police;

19   e.  Failing to discipline CITY police officers' conduct, including DEFENDANT

20   OFFICERS 1-4, for unlawful detention and use of force;

21   f.  Ratifying the intentional misconduct of DEFENDANT OFFICERS 1-4 and other

22   police officers, who are police officers of the CITY, and commit unlawful

23   detentions and use of force;

24   g.  Failing to properly investigate claims of unlawful detentions and use of force by

25   CITY police officers, including DEFENDANT OFFICERS 1-4; and

26   h.  Having and maintaining an unconstitutional custom and practice of detaining and

27   arresting individuals without probable cause or reasonable suspicion, using

28   excessive force, failing to obtain medical care, depriving persons of life, liberty,

**PLAINTIFFS COMPLAINT FOR DAMAGES**

*Gutierrez, et al. v. City of Visalia, et al.*                         V. James DeSimone, Esq.
Case No.:                                      Carmen D. Sabater, Esq.
                                                  Ryann E. Hall, Esq.
                                                  Emily C. Barbour, Esq.

1    and property so as to shock the conscience, which is also demonstrated by

2    inadequate training regarding these subjects.  The customs and practices of CITY

3    and DOE SUPERVISORS were done with deliberate indifference to individuals'

4    safety and rights.

5    106.    By reasons of the aforementioned policies and practices of Defendants CITY,

6    Police Chief SALAZAR, and DOE SUPERVISORS, Mr. GUTIERREZ was severely injured

7    and subjected to physical pain and suffering, extreme and severe psychological injury, and

8    emotional distress.

9    107.    The aforementioned customs and practices of CITY were implemented and/or

10   maintained with deliberate indifference to individuals' safety and rights.

11   108.    Defendants    CITY,    Defendant    Police    Chief    SALAZAR,    and    DOE

12   SUPERVISORS, together with various other officials, whether named or unnamed, had either

13   actual or constructive knowledge of the deficient policies, practices and customs alleged in the

14   paragraphs above. Despite having knowledge as stated above, these Defendants condoned,

15   tolerated and through actions and inactions thereby ratified such policies.  Said Defendants also

16   acted with deliberate indifference to the foreseeable effects and consequences of these policies

17   with respect to the constitutional rights of Mr. GUTIERREZ, and other individuals similarly

18   situated

19   109.    By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and

20   other wrongful acts, Defendants CITY, Defendant Police Chief SALAZAR, and DOE

21   SUPERVISORS acted with an intentional, reckless, and callous disregard toward Mr.

22   GUTIERREZ, and of the constitutional as well as human rights of Mr. GUTIERREZ. Defendants

23   CITY, Police Chief SALAZAR, and DOE SUPERVISORS and each of their actions were willful,

24   wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any

25   person of normal sensibilities.

26   110.    Furthermore, the policies, practices, and customs implemented and maintained and

27   still tolerated by Defendants CITY, Defendant Police Chief SALAZAR, and DOE

28   SUPERVISORS were affirmatively linked to and were a significantly influential force behind the

**PLAINTIFFS COMPLAINT FOR DAMAGES**

1  injuries of Mr. GUTIERREZ.

2  111.    Defendants CITY, Defendant Police Chief SALAZAR, and DOE SUPERVISORS

3  each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

4  112.    On information and belief, the aforementioned acts were willful, wanton,

5  malicious, and oppressive thereby justifying the awarding of exemplary and punitive damages as

6  to Defendant Police Chief SALAZAR and DOE SUPERVISORS.

7  113.    Accordingly, Defendants are each liable to Plaintiffs for compensatory damages

8  and DEFENDANT OFFICERS 1-4 are liable for punitive damages under 42 U.S.C. § 1983.

9  Plaintiffs also seek reasonable attorney's fees under this claim.

10  **FIFTH CAUSE OF ACTION**

11  **VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT**

12  **(42 U.S.C. § 12132)**

13  **(ON BEHALF OF JORDAN GUTIERREZ AGAINST ALL DEFENDANTS)**

14  114.    The allegations set forth in this Complaint are hereby re-alleged and incorporated

15  by reference.

16  115.    GUTIERREZ is, and was at all times relevant to this action, a qualified individual

17  with a disability within the meaning of the ADA, 42 U.S.C. § 12102(2), and satisfied the essential

18  eligibility requirements for the receipt of services, programs, or activities that DEFENDANTS

19  CITY OF VISALIA and the VISALIA POLICE DEPARTMENT provide to the general public.

20  116.    DEFENDANTS CITY OF VISALIA and the VISALIA POLICE DEPARTMENT

21  are, and were at all times relevant to this action, public entities within the meaning of Title II of

22  the ADA, 42 U.S.C. § 12102(1).  They have an affirmative obligation under Title II of the ADA

23  to make reasonable accommodations that allow people with disabilities to access the benefits,

24  services, and programs provide to the general public.

25  117.    Title II of the ADA applies to arrests by police departments, including (1) the

26  wrongful arrest of a qualified individual with a disability due to the arresting officers

27  misconstruing the effects of that person's  disability as criminal activity and (2) a justified arrest

28  or investigation of a qualified individual in which the arresting officers fail to reasonably

**PLAINTIFFS COMPLAINT FOR DAMAGES**

*Gutierrez, et al. v. City of Visalia, et al.*                V. James DeSimone, Esq.
Case No.:                                                     Carmen D. Sabater, Esq.
                                                             Ryann E. Hall, Esq.
                                                             Emily C. Barbour, Esq.

accommodate the subject's disability, resulting in the subject experiencing greater injury or indignity because of his disability.

118.   At all times relevant to this action, GUTIERREZ was a qualified individual with a disability within the meaning of the ADA in that he was diagnosed with schizophrenia.

119.   At all times relevant herein, Defendants knew that GUTIEREREZ was a qualified individual with a disability because KEYS told the dispatcher over the phone and then told the DEFENDANT OFFICERS when they arrived on the scene.

120.   At all times relevant, DEFENDANTS CITY OF VISALIA and the VISALIA POLICE DEPARTMENT provided public services and was obligated to provide GUTIERREZ with reasonable accommodations in connection with those services.

121.   In fact, KEYS called Defendant VISALIA POLICE DEPARTMENT because its officers had helped GUTIERREZ access mental health treatment for his disability in the past. KEYS expected that the VISALIA POLICE DEPARTMENT would provide those same services on this occasion.

122.   However, when DEFENDANT OFFICERS 1-4 arrived at the scene, they did not provide reasonable accommodations and supports for GUTIERREZ given his disability and need for mental health treatment.  Instead, they yelled at him, failed to respond appropriately to his evident fear and confusion, and misinterpreted the effects of his disability as criminal activity.

123.   DEFENDANT OFFICERS 1-4 then brutally attacked GUTIERREZ because of the effects of his disability, thereby exacerbating GUTIERREZ's mental illness, causing GUTIERREZ permanent physical damage to his body and emotional trauma, and generally causing GUTIERREZ to experience greater injury and indignity because of his disability.

124.   DEFENDANT OFFICERS 1-4 then transported GUTIERREZ to a hospital but did not tell hospital staff that GUTIERREZ needed mental health treatment, thereby discriminating against GUTIERREZ by denying him access to the very emergency services that KEYS had called them to provide.

125.   Finally, after GUTIERREZ was placed in the Visalia City Jail, KEYS notified the Visalia Police Department that GUTIERREZ needed treatment and medications for his disability,

**PLAINTIFFS COMPLAINT FOR DAMAGES**

*Gutierrez, et al. v. City of Visalia, et al.*
Case No.:

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Ryann E. Hall, Esq.
Emily C. Barbour, Esq.

1   and the VISALIA POLICE DEPARTMENT denied GUTIERREZ access to both mental health

2   treatment and his own prescribed medications.

3       126.   DEFENDANT OFFICERS 1-4 and the CITY OF VISALIA, through the

4   VISALIA POLICE DEPARTMENT, failed to provide reasonable accommodations and supports

5   for GUTIERREZ as required by Title II of the ADA when they approached him, when they used

6   the K-9 dog to attack him, following the attack when they brought him to a hospital but did not

7   obtain mental health treatment for him, and throughout his multi-day incarceration in the Visalia

8   City Jail.

9       127.   Lastly, DEFENDANTS CITY OF VISALIA and the VISALIA POLICE

10   DEPARTMENT are vicariously liable for the conduct of their employees and agents that violate

11   Title II of the ADA.

12       128.   DEFENDANTS CITY OF VISALIA and the VISALIA POLICE DEPARTMENT

13   failed, and continue to fail, to:

14       a.  Adopt and enforce policies and procedures for communicating effectively with,

15          and responding appropriately to, individuals who have a mental illness and need

16          mental health treatment and/or are having a mental health crisis;

17       b.  Train and supervise their law enforcement employees to communicate effectively

18          with individuals with mental illness; and

19       c.  Train and supervise their law enforcement employees to recognize the behavior of

20          individuals with mental illness who are in need of mental health treatment and/or

21          are having a mental health crisis and respond appropriately; and

22       d.  Train and supervise their jail and law enforcement employees to ensure that

23          individuals in their custody who are in need of mental health treatment and/or

24          medications get the services they need.

25       129.   As a direct and proximate result of defendants' actions described above,

26   GUTIERREZ suffered great physical, mental and emotional pain and suffering, and incurred

27   medical and psychological costs/bills and expenses, and other special and general damages and

28   expenses; all in an amount to be proven at trial.

PLAINTIFFS COMPLAINT FOR DAMAGES

*Gutierrez, et al. v. City of Visalia, et al.*                V. James DeSimone, Esq.
Case No.:                                   Carmen D. Sabater, Esq.
                                            Ryann E. Hall, Esq.
                                          Emily C. Barbour, Esq.

130.   Further, because the discriminatory conduct of DEFENDANTS CITY OF VISALIA and the VISALIA POLICE DEPARTMENT is ongoing and constitutes a "pattern and practice," declaratory and injunctive relief are appropriate remedies.

## SIXTH CAUSE OF ACTION

### SECTION 504 OF THE REHABILITATION ACT

### (29 U.S.C. § 794 et seq.)

### (ON BEHALF OF JORDAN GUTIERREZ AGAINST ALL DEFENDANTS)

131.   The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

132.   Plaintiff is, and at all times relevant to this action, a qualified individual with disabilities within the meaning of the Rehabilitation Act because she has physical impairments that substantially limit one or more of her major life activities.

133.   DEFENDANTS CITY OF VISALIA and the VISALIA POLICE DEPARTMENT are, and were at all times relevant to this action, recipients of federal funding within the meaning of the Rehabilitation Act.  DEFENDANTS CITY OF VISALIA and the VISALIA POLICE DEPARTMENT are vicariously liable for the conduct of their employees in violation of the Rehabilitation Act.

134.   DEFENDANTS CITY OF VISALIA and the VISALIA POLICE DEPARTMENT, and their agents and employees excluded Plaintiff from participation in, denied the benefits of, and subjected Plaintiff to discrimination in participating and benefiting from services that Defendants provide to the general public solely by reason of Plaintiff's disability. Defendants failed to make their programs, services, and activities readily accessible to disabled persons, including GUTIERREZ, whom they knew had a disability and needed mental health treatment. DEFENDANTS CITY OF VISALIA and the VISALIA POLICE DEPARTMENT, and their agents and employees, acted with deliberate indifference and intentionally discriminated against GUTIERREZ, thereby violating GUTIERREZ's rights under Section 504 of the Rehabilitation Act of 1973, 29 USC § 794, and the regulations promulgated thereunder.

///

**PLAINTIFFS COMPLAINT FOR DAMAGES**
*Gutierrez, et al. v. City of Visalia, et al.*
Case No.:

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Ryann E. Hall, Esq.
Emily C. Barbour, Esq.

135.     Pursuant to the remedies, procedures, and rights set forth in 29 U.S.C. § 794(a), Plaintiff prays for judgment as set forth below.

**SEVENTH CAUSE OF ACTION**

**FALSE ARREST/FALSE IMPRISONMENT**

**(ON BEHALF OF ALL PLAINTIFFS AGAINST ALL DEFENDANTS EXCEPT DEFENDANT SALAZAR)**

136.     The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

137.     DEFENDANT OFFICERS 1-4, while working as police officers for the CITY of Visalia and acting within the course and scope of their duties, intentionally deprived PLAINTIFFS of their freedom of movement by use of force, including threats of force, menace, fraud, deceit, and unreasonable duress.

138.     DEFENDANT OFFICERS 1-4 detained Mr. GUTIERREZ without reasonable suspicion.  DEFENDANT OFFICERS 1-4 arrested Mr. GUTIERREZ without probable cause.

139.     DEFENDANT OFFICERS 1-4 also imprisoned Ms. KEYS.  DEFENDANT OFFICERS 1-4 threatened Ms. KEYS so as to deprive her of her freedom of movement.  With his taser held up in a shooting position, DEFENDANT OFFICER 1 told Ms. KEYS that he would arrest her if she did not back up even further away from her son than she already was—all the way to the "white car"—and stay there.

140.     Under the threat of arrest and possible physical harm, DEFENDANT OFFICERS 1-4 then forced Ms. KEYS to stay near the "white car" and watch while they physically restrained and used a K-9 dog to repeatedly attack her son and maul his face.  DEFENDANT OFFICERS 1-4 then continued to force Ms. KEYS to keep her distance from her son under threat of arrest when he was bleeding from his face, scared, and confused.

141.     Ms. KEYS suffered severe emotional distress by being unable to protect or comfort her son because DEFENDANT OFFICERS 1-4 intentionally used threats to deprive her of her freedom of movement.

142.     PLAINTIFFS did not knowingly or voluntarily consent to the deprivation of their

**PLAINTIFFS COMPLAINT FOR DAMAGES**

*Gutierrez, et al. v. City of Visalia, et al.*                                    V. James DeSimone, Esq.
Case No.:                                                                          Carmen D. Sabater, Esq.
                                                                                   Ryann E. Hall, Esq.
                                                                                   Emily C. Barbour, Esq.

freedom of movement.

143.   Mr. GUTIERREZ did not knowingly or voluntarily consent to his arrest and detention.

144.   The conduct of DEFENDANT OFFICERS 1-4, was a substantial factor in causing the harm of the PLAINTIFFS.

145.   CITY OF VISALIA is vicariously liable for the wrongful acts of DEFENDANT OFFICERS 1-4, pursuant to § 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

146.   The conduct of DEFENDANT OFFICERS 1-4, was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of PLAINTIFFS, entitling PLAINTIFFS to an award of exemplary and punitive damages.

147.   PLAINTIFFS are seeking all damages under this claim.

## EIGHTH CAUSE OF ACTION

### ASSAULT AND BATTERY

### (GOV. CODE § 820 and CALIFORNIA COMMON LAW)

### (ON BEHALF OF JORDAN GUTIERREZ AGAINST ALL DEFENDANTS)

148.   The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

149.   DEFENDANT OFFICERS 1-4, while working as Police Officers for the CITY Police Department, and acting within the course and scope of their duties, wrongfully, unlawfully, intentionally, and violently touched and battered Mr. GUTIERREZ sustaining serious injuries.

150.   DEFENDANT OFFICERS 1-4, had no legal justification for their actions, and DEFENDANT OFFICERS 1-4's unjustified attack, assault, physical restraint and deployment of a K-9 dog attack, handcuffing, and detention of Mr. GUTIERREZ, while carrying out their duty as officers and as CITY employees was an unreasonable use of force.

151.   DEFENDANT OFFICERS 1-4, also intentionally used unreasonable force against Mr. GUTIERREZ, including, but not limited to, twisting his arms and wrists, excessive force to

*Gutierrez, et al. v. City of Visalia, et al.*
Case No.:

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Ryann E. Hall, Esq.
Emily C. Barbour, Esq.

his body, slamming him up against a garage door, shoving him against a car, and deploying a K-9 dog to bite and tear his body, when he was physically restrained and posed no threat to the officers or anyone else.

152.   As a direct and proximate result of DEFENDANTS' conduct as alleged above, Mr. GUTIERREZ was caused to suffer severe physical pain and suffering.

153.   CITY OF VISALIA is vicariously liable for DEFENDANT OFFICERS 1-4's wrongful acts pursuant to § 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

154.   MR. GUTIERREZ is informed and believes and thereon alleges that the DEFENDANTS' conduct was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Mr. GUTIERREZ, entitling Mr. GUTIERREZ to an award of exemplary damages and punitive damages against DEFENDANT OFFICERS 1-4, in an amount to be determined at time of trial.

155.   As a result of their conduct, DEFENDANTS are liable for Mr. GUTIERREZ's injuries, either because they were integral participants in the assault and battery, or because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

156.   Mr. GUTIERREZ is seeking all damages under this claim.

## NINTH CAUSE OF ACTION

### NEGLIGENCE (GOV. CODE § 820 and CALIFORNIA COMMON LAW)
### (ON BEHALF OF JORDAN GUTIERREZ AGAINST ALL DEFENDANTS)

157.   The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

158.   The actions of DEFENDANT OFFICERS 1-4, and CITY toward PLAINTIFFS were negligent and reckless, including, but not limited to:

    a.   The failure to properly and adequately assess the need to detain, arrest, and use force against PLAINTIFFS;

    b.    The failure to monitor and record any use of force by the CITY OF VISALIA,

1   Chief SALAZAR, including DEFENDANT OFFICERS 1-4;

2   c.   The failure to monitor and record any injuries specifically caused by the use of

3   force by the CITY OF VISALIA, Chief SALAZAR, including DEFENDANT

4   OFFICERS 1-4;

5   d.   The negligent tactics and handling of the situation with PLAINTIFFS;

6   e.   The negligent detention, arrest, and use of force against PLAINTIFFS including,

7   but not limited to, twisting Mr. GUTIERREZ's arms and wrists, excessive force

8   to his body, slamming him up against a garage door, shoving him against a car,

9   deploying a K-9 dog to bite and tear his body, when he posed no threat to the

10   officers or anyone else while standing and while on the ground and defenseless;

11   f.   The failure to properly train and supervise employees, both professional and non-

12   professional, including DEFENDANT OFFICERS 1-4;

13   g.   The failure to ensure that adequate numbers of employees with appropriate

14   education and training were available to meet the needs of and protect the rights

15   of PLAINTIFFS;

16   h.   The failure to provide prompt medical care to Mr. GUTIERREZ;

17   i.   The failure to provide Mr. GUTIERREZ with mental health treatment following

18   his arrest and during his detention; and

19   j.   The negligent handling of evidence and witnesses.

20   159.   As a direct and proximate result of DEFENDANTS' conduct as alleged above,

21   and other undiscovered negligent conduct, PLAINTIFFS were caused to suffer severe pain and

22   suffering, both physically and emotionally.

23   160.   In addition, at the aforementioned date, time, and place, DEFENDANTS

24   negligently, carelessly and without reasonable care, touched and violently battered Mr.

25   GUTIERREZ.

26   ///

27   ///

28   ///

**PLAINTIFFS COMPLAINT FOR DAMAGES**

*Gutierrez, et al. v. City of Visalia, et al.*
Case No.:

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Ryann E. Hall, Esq.
Emily C. Barbour, Esq.

161.   CITY OF VISALIA is vicariously liable for the wrongful acts of DEFENDANTS pursuant to § 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

162.   The aforementioned acts and omissions of DEFENDANT OFFICERS 1-4 were committed by them knowingly, willfully and maliciously, with the intent to harm, injure, vex, harass, and oppress PLAINTIFFS, with conscious disregard to his known rights and deliberate indifference to the risk of injury to PLAINTIFFS.  By reason thereof, PLAINTIFFS seek punitive and exemplary damages from DEFENDANTS, and each of them, (except DEFENDANT CITY OF VISALIA) in an amount as proved.

163.   DEFENDANT CITY OF VISALIA knew or reasonably should have known that DEFENDANT OFFICERS 1-4 would engage in such a violent misconduct against Mr. GUTIERREZ, during the course and scope of their employment, and that, as a direct and proximate result of those violations, Mr. GUTIERREZ would suffer injuries as alleged herein.

164.   DEFENDANTS had the authority to supervise, prohibit, control, and/or regulate DEFENDANT OFFICERS 1-4 so as to prevent these acts and omissions from occurring.

165.   DEFENDANTS failed to exercise due care by hiring, retaining and failing to supervise, prohibit, control or regulate DEFENDANT OFFICERS 1-4.  As a direct and proximate result of DFEENDANTS' negligent hiring, retention and supervision, control and regulation of the four defendant officers, PLAINTIFFS have suffered and continue to suffer injuries entitling them to damages in amounts to be proven at trial.

166.   By the aforesaid acts and omissions of DEFENDANTS, and each of them, PLAINTIFFS have been directly and legally caused to suffer actual damages including, but not limited to, extreme pain and suffering both with regards to physical and mental suffering.

167.   As a further direct and legal result of the acts and conduct of DEFENDANTS, and each of them, as aforesaid, PLAINTIFFS have been caused to and did suffer and continue to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, anxiety, psychological harm, physical pain and suffering.  The exact

PLAINTIFFS COMPLAINT FOR DAMAGES

*Gutierrez, et al. v. City of Visalia, et al.*                                    V. James DeSimone, Esq.
Case No.:                                                                                    Carmen D. Sabater, Esq.
                                                                                                    Ryann E. Hall, Esq.
                                                                                                    Emily C. Barbour, Esq.

nature and extent of said injuries is presently unknown to PLAINTIFFS.  PLAINTIFFS do not know at this time the exact duration or permanence of said injuries but are informed and believe and thereon allege that some, if not all, of the injuries are reasonably certain to be permanent in character.

168.   As a result of their conduct, DEFENDANTS are liable for PLAINTIFFS' injuries, either because they were integral participants in the assault and battery upon MR. GUTIERREZ, or because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

169.   PLAINTIFFS are informed and believe, and thereon allege, that the DEFENDANTS, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of PLAINTIFFS, thereby justifying the award of exemplary damages  and punitive damages only against DEFENDANT OFFICERS 1-4 in an amount to be determined at trial.

170.   PLAINTIFFS are seeking all damages under this claim.

### **TENTH CAUSE OF ACTION**

### **VIOLATION OF BANE ACT (CIVIL CODE § 52.1)**

### **(ON BEHALF OF JORDAN GUTIERREZ AGAINST ALL DEFENDANTS)**

171.   The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

172.   As alleged herein, DEFENDANT OFFICERS 1-4, Chief SALAZAR, and CITY OF VISALIA interfered by threats, intimidation,  coercion, and/or violence with PLAINTIFFS' rights under state and federal laws and under the state and federal Constitution including, without limitation, the right to be free from excessive force, the right to due process, and the right to bodily integrity and protection from bodily harm, including his rights under Civil Code § 43, Penal Code §§ 149, 240, and 242, and their rights under the Fourth and Fourteenth Amendments to the United States Constitution and her rights under Article 1, Sections 1, 7 and/or 13 of the California Constitution.

**PLAINTIFFS COMPLAINT FOR DAMAGES**

*Gutierrez, et al. v. City of Visalia, et al.*                    V. James DeSimone, Esq.
Case No.:                                                        Carmen D. Sabater, Esq.
                                                                Ryann E. Hall, Esq.
                                                                Emily C. Barbour, Esq.

173.   DEFENDANTS' conduct caused PLAINTIFFS extreme pain and suffering both with regards to physical and mental suffering.

174.   As a result of their conduct, DEFENDANTS are liable for PLAINTIFFS' injuries, either because they were integral participants in the misconduct, or because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

175.   As a direct and legal result of DEFENDANTS' acts and omissions, PLAINTIFFS suffered damages, including, without limitation, pain and suffering, physical injuries and sickness, emotional distress, psychological injury, medical expenses, attorneys' fees, and costs of suit.

176.   PLAINTIFFS are informed and believe, and thereon allege, that the acts of the individual DEFENDANTS were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of the rights, welfare, and safety of PLAINTIFFS, thereby justifying the awarding of exemplary damages and punitive damages only against DEFENDANT OFFICERS 1-4 in an amount to be determined at time of trial.

177.   PLAINTIFFS bring this claim seeking all damages under state law.  PLAINTIFFS also seek reasonable attorneys' fees under this claim.

## ELEVENTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (ON BEHALF OF ALL PLAINTIFFS AGAINST ALL DEFENDANTS)

178.   The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

179.   DEFENDANT OFFICERS 1-4's conduct as described above was extreme and outrageous and was done with the intent of causing PLAINTIFFS to suffer extreme emotional distress or with reckless disregard as to whether their conduct would cause them to suffer such distress.  In addition to the outrageous, despicable and vicious conduct of directing a K-9 to maul the helpless Jordan Gutierrez's face, Defendants did so knowingly in front of his mother Yajaida Keys, who witnessed this malicious conduct and suffered extreme emotional distress.

///

*Gutierrez, et al. v. City of Visalia, et al.*                          V. James DeSimone, Esq.
Case No.:                                                               Carmen D. Sabater, Esq.
                                                                        Ryann E. Hall, Esq.
                                                                        Emily C. Barbour, Esq.

180.    By the aforesaid acts and omissions of the defendant officers, and each of them, PLAINTIFFS have been directly and legally caused to suffer actual damages including, but not limited to, extreme pain and suffering both with regards to physical and mental suffering.

181.    As a further direct and legal result of the acts and conduct of DEFENDANTS, and each of them, as aforesaid, PLAINTIFFS have been caused to and did suffer and continues to suffer physical pain and injury, severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, anxiety, physical pain, and suffering.  The exact nature and extent of said injuries is presently unknown to PLAINTIFFS.  PLAINTIFFS do not know at this time the exact duration or permanence of said injuries but is informed and believe, and thereon allege, that some, if not all, of the injuries are reasonably certain to be permanent in character.

182.    As a result of their conduct, DEFENDANTS are liable for PLAINTIFFS' injuries, either because they were integral participants in the assault and battery of Mr. GUTIERREZ, or because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

183.    PLAINTIFFS are informed and believe, and thereon allege, that the DEFENDANTS, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare, and safety of PLAINTIFFS, thereby justifying the award of exemplary damages and punitive damages only against DEFENDANT OFFICERS 1-4 are liable for in an amount to be determined at trial.

## TWELFTH CAUSE OF ACTION

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### (ON BEHALF OF ALL PLAINTIFFS AGAINST ALL DEFENDANTS)

184.    The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

185.    In the alternative, DEFENDANT OFFICERS 1-4's conduct as described above was done in a careless or negligent manner, without consideration for the effect of such conduct

1   upon PLAINTIFFS' emotional well-being.  In addition to directing a K-9 to maul the helpless

2   Jordan Gutierrez' face, causing him extreme emotional distress and trauma, Defendants engaged

3   in this outrageous, despicable, and vicious conduct knowingly and in front of Mr. Gutierrez's

4   mother, Yajaida Keys, whom they forced to stay in one place and bear witness to the malicious

5   and repeated attacks on her son, thereby causing Ms. KEYS to also suffer extreme emotional

6   distress.

7       186.   By the aforesaid acts and omissions of the defendant officers, and each of them,

8   PLAINTIFFS have been directly and legally caused to suffer actual damages including, but not

9   limited to, extreme pain and suffering both with regards to physical and mental suffering.

10      187.   As a further direct and legal result of the acts and conduct of DEFENDANTS, and

11   each of them, as aforesaid, PLAINTIFFS have been caused to and did suffer and continue to

12   suffer physical pain and injury, severe emotional and mental distress, anguish, humiliation,

13   embarrassment, fright, shock, pain, discomfort, anxiety, physical pain and suffering.  The exact

14   nature and extent of said injuries is presently unknown to PLAINTIFFS.  PLAINTIFFS do not

15   know at this time the exact duration or permanence of said injuries but is informed and believe,

16   and thereon allege, that some, if not all, of the injuries are reasonably certain to be permanent in

17   character.

18      188.   As a result of their conduct, DEFENDANTS are liable for PLAINTIFFS' injuries,

19   either because they were integral participants in the assault and battery of Mr. GUTIERREZ, or

20   because they failed to intervene to prevent these violations, or under the doctrine of *respondeat*

21   *superior*.

22      189.   PLAINTIFFS   are   informed   and   believe,   and   thereon   allege,   that   the

23   DEFENDANTS, and each of them, by engaging in the aforementioned acts and/or in authorizing

24   and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable

25   conduct, and acted with willful and conscious disregard of the rights, welfare, and safety of

26   PLAINTIFFS thereby justifying the award of exemplary damages and punitive damages only

27   against DEFENDANT OFFICERS 1-4 in an amount to be determined at trial.

28   ///

**PLAINTIFFS COMPLAINT FOR DAMAGES**

1

## **PRAYER FOR RELIEF**

2      **WHEREFORE**, PLAINTIFFS pray for judgment against DEFENDANTS CITY OF

3   VISALIA, CHIEF JASON SALAZAR, DEFENDANT OFFICERS 1-4, and DEFENDANT

4   DOES 1-10, and each of them, as follows:

5      1.      For general economic and non-economic damages according to proof;

6      2.      For special damages according to proof;

7      3.      For punitive damages where allowed by law;

8      4.      For equitable relief;

9      5.      For prejudgment interest;

10     6.      For costs of suit incurred herein;

11     7.      For attorney's fees as allowed by law;

12     8.      For civil penalties as allowed by law;

13     9.      For declaratory and injunctive relief; and

14     10.     For such other and further relief as this Court deems just and proper, and

15   appropriate.

16

17

18   Date: November 29, 2021                    **V. JAMES DESIMONE LAW**

19

20                                         By: _____

21                                             V. JAMES DESIMONE, ESQ.
                                               CARMEN SABATER, ESQ.
22                                             RYANN E. HALL, ESQ.
                                               EMILY C. BARBOUR, ESQ.
23

24                                             Attorneys for PLAINTIFFS,
                                               JORDAN GUTIERREZ, through his
25                                             GAL, Margarita C. Gomez, and
                                               YAJAIDA KEYS
26

27

28

**PLAINTIFFS COMPLAINT FOR DAMAGES**

*Gutierrez, et al. v. City of Visalia, et al.*                    V. James DeSimone, Esq.
Case No.:                                                         Carmen D. Sabater, Esq.
                                                                  Ryann E. Hall, Esq.
                                                                  Emily C. Barbour, Esq.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DEMAND FOR JURY TRIAL**

PLAINTIFFS hereby demand a trial by jury.

Date: November 29, 2021

**V. JAMES DESIMONE LAW**

By: _____

V. JAMES DESIMONE, ESQ.
CARMEN SABATER, ESQ.
RYANN E. HALL, ESQ.
EMILY C. BARBOUR, ESQ.

Attorneys for PLAINTIFFS,
JORDAN GUTIERREZ, through his
GAL, Margarita C. Gomez, and
YAJAIDA KEYS

**PLAINTIFFS COMPLAINT FOR DAMAGES**

*Gutierrez, et al. v. City of Visalia, et al.*                    V. James DeSimone, Esq.
Case No.:                                                        Carmen D. Sabater, Esq.
                                                                 Ryann E. Hall, Esq.
                                                                 Emily C. Barbour, Esq.