UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN GUTIERREZ, a disabled adult, by and through his Guardian ad litem, Margarita C. Gomez and YAJAIDA KEYS,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF VISALIA, ET. AL.,<br><br>Defendants. | Case No. 1:21-cv-01700-JLT-HBK<br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT MARGARITA C. GOMEZ AS GUARDIAN *AD LITEM*<br><br>(Doc. No. 4) |

Pending before the Court is a Petition for the Appointment of Guardian *Ad Litem* and Consent of Nominee by Margarita C. Gomez filed November 29, 2021.  (Doc. Nos. 4, 4-1). According to the Complaint, Plaintiff Jordan Gutierrez was diagnosed with paranoid schizophrenic with psychosis at age 17 and receives social security disability.  (Doc. No. 1 at 3). Margarita C. Gomez, Plaintiff Jordan Gutierrez's aunt, attests to being a responsible, competent, person able to protect Jordan's rights and seeks to be appointed guardian *ad litem* for these proceedings.  (Doc. No. 4 at 1-2).  Ms. Gomez resides in Tulare County, California. (*Id.* at 2).

**APPLICABLE LAW**

Federal Rule of Civil Procedure 17 provides for a representative of a minor or an incompetent person to sue or defend on a minor or an incompetent person's behalf.  Fed. R. Civ. P. 17(c).  Further, the Court's Local Rules provide in pertinent part:

> **(a) Appointment of Representative or Guardian.** Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law; (2) a motion for the appointment of a guardian *ad litem* by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.
>
> **(c) Disclosure of Attorney's Interest**. When the minor or incompetent person is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stand in any relationship to that party; and whether the attorney has received or expect to receive any compensation, from whom, and the amount.

E.D. Cal. L. R. 202 (a), (c).

The decision to appoint a guardian *ad litem* "must normally be left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land*, 795 F.2d 796, 804 (9th Cir. 1986). Rule 17 requires the court to take whatever measures it deems appropriate to protect the interests of the individual during the litigation. *Id.* at 805. The appointment of the guardian *ad litem* is more than a mere formality. *Id.* The "guardian *ad litem* is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation." *Id.* The "guardian *ad litem* need not possess any special qualifications," but must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *AT&T Mobility, LLC v. Yeager*, 143 F.Supp.3d 1042, 1053-54 (E.D. Cal. 2015) (citations omitted). The guardian *ad litem* cannot face an impermissible conflict of interest with the ward and courts consider the candidate's "experience, objectivity, and expertise," along with the previous relationship with the ward. *Id*. at 1054 (citations omitted).

"[W]hen a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c)." *Gonzalez v. Reno*, 86 F.Supp.2d 1167, 1185 (S.D. Fla*.), aff'd sub nom. Gonzalez v. Reno*, 212 F.3d 1338 (11th Cir. 2000). While a parent is generally appointed as guardian *ad litem*, there are situations where the best interests of the minor and the interests of the

parent conflict. *Anthem Life Ins. Co. v. Olguin*, No. 1:06-CV-01165 AWINEW, 2007 WL 1390672 at *2 (E.D. Cal. May 9, 2007). Therefore, a parent is not entitled as a matter of right to act as guardian *ad litem* for the child. *Id.*

**DISCUSSION**

The Court has considered the application of Margarita C. Gomez's appointment as guardian *ad litem* for Plaintiff Jordan Gutierrez. Jordan is a party to the instant action, along with his mother, Yajaida Keys, suing the City of Visalia and various police officers from the Visalia Police Department. (Doc. No. 1 at 1). The complaint alleges violations under 42 U.S.C. § 1983, the Americans with Disabilities Act, and the Bane Civil Rights Act. (*Id.*). According to the Complaint, the incident giving rise to the cause of action occurred on October 20, 2020, around 5:00 p.m., when Plaintiff's mother called emergency services requesting immediate mental health treatment for her son. (*Id.* at 1-5). In summary, when police officers arrived, one officer allegedly pulled out a taser and aimed it at Jordan and another police officer told the police department's trained dog to attack Jordan. (*Id.* at 6). Plaintiff's mother watched in horror as the dog repeatedly attacked her son, as she continued to explain to the officers that he was schizophrenic, did not have any weapons, and needed medical attention. (*Id.* at 7). Jordan suffered dog bite marks and wounds from the dog's attack and did not receive prompt medical treatment for his dog bite wounds. (*Id.*). Upon transport to the hospital, Jordan was treated for the dog bite wounds but was not provided mental health treatment. (*Id.* at 8). After being discharged from the hospital, Jordan was transported directly to jail and was not provided mental health treatment for two days. (*Id.*). During this time, he had no clothes and was forced to wear only a medical gown and his underwear. (*Id.*).

Upon review of the pleadings, the Court does not find any apparent conflict of interest or any other factors that demonstrate such appointment is not in the best interests of the disabled Plaintiff. In this case, considering Plaintiff's mother's role in the events that transpired on October 20, 2020, Jordan's aunt appears to be better suited than his mother to serve as the appointed guardian *ad litem*. Nonetheless, the filing does not comply with Local Rule 202(c) because it does not disclose Plaintiff's attorney's interest and other details required by the Rule.

Because this information is lacking, the instant motion is due to be denied without prejudice. A motion or revised notice that complies with Local Rule 202(c) may be filed within ten (10) days.

Accordingly, it is **ORDERED**:

Plaintiff's motion to appoint guardian *ad litem* (Doc. No. 4) is DENIED without prejudice.

Dated:   May 10, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

4