UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN GUTIERREZ, a disabled adult, by and through his guardian ad litem Margarita C. Gomez, and YAJAIDA KEYS,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF VISALIA, a municipal entity; CHIEF JASON SALAZAR in his individual and official capacity; LIEUTENANT RON EPP; OFFICER AUSTIN VETETO; OFFICER SEAN SCHIEBELHUT; OFFICER AARON STOCKER; AND DEFENDANT DOES 1-5,<br><br>Defendants. | Case No. 1:21-cv-01700-JLT-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT PETITION TO APPROVE COMPROMISE OF DISPUTED CLAIMS FOR PERSON WITH DISABILITY<br><br>(Doc. No. 53) |

Before the Court is a Petition to Approve Compromise of Disputed Claims for Person with Disability filed by Plaintiff Jordan Gutierrez, a disabled adult, by and through his guardian ad litem Margarita C. Gomez.[1] (Doc. No. 53, "Petition"). No opposition or objection to the Petition has been filed, and the deadline to do so has expired. (*See* docket). Having considered the unopposed Petition, the terms of the settlement, and the record in this matter, the undersigned

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

finds that the proposed settlement agreement and the method of disbursement is fair and reasonable. For the reasons that follow, the undersigned recommends granting the Petition.[2]

**I.   BACKGROUND**

On November 29, 2021, Plaintiff, an incompetent adult male, by and through his guardian ad litem Margarita C. Gomez, filed a Complaint alleging multiple federal and state law causes of action, including federal claims for relief under 42 U.S.C. § 1983, arising out of alleged excessive force by the Defendant Officers in arresting Plaintiff on October 20, 2020. (Doc. No. 1 at 11-29). Plaintiffs Gutierrez and Keys also alleged claims of intentional and negligent infliction of emotional distress stemming from the incident. (*Id*. at 29-31). On May 25, 2022, the Court appointed Margarita C. Gomez as Plaintiff Guiterrez's guardian ad litem. (Doc. No. 20).

On April 29, 2025, the parties engaged in private mediation, but the action did not resolve. (Doc. No. 53-1 at 4, ¶ 11). On June 23, 2025, the parties participated in a second mediation and reached a settlement. (*Id*. at ¶ 13). Plaintiff Gutierrez through his guardian ad litem, filed the instant Petition to Approve Compromise of Disabled Adult's Claims on September 16, 2025. (Doc. No. 53).

**II.   APPLICABLE LAW**

The Local Rules for this district provide that "[n]o claim by or against a minor or incompetent person may be settled or compromised absent an order by the Court approving the settlement or compromise." L.R. 202(b). The purpose of requiring the Court's approval is to provide an additional level of oversight to ensure that the child's interests are protected. Toward this end, the motion for approval of a proposed settlement shall be filed pursuant to Local Rule 230, and must disclose, among other things, the following:

> the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional

---

[2] Because the motion is uncontested and the memorandum in support of the Petition adequately sets forth the information required under Local Rule 202(b), there is good cause to approve the settlement without a hearing.

2

>information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.

L.R. 202(b)(2). "When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount." L.R. 202(c).

Federal Rule of Civil Procedure 17(c) similarly imposes on district courts a special duty to safeguard the interests of litigants who are minors or incompetents. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). In the context of proposed settlements in suits involving minor or incompetent plaintiffs, the district court's special duty requires it to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). However, in *Robidoux*, the Ninth Circuit cautioned that this inquiry "requires only that the district court consider whether the net recovery of each minor plaintiff is fair and reasonable, without regard to the amount received by adult co-plaintiffs and what they have agreed to pay plaintiffs' counsel" and "in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Id.* at 1181-82 (holding that district court erred in denying settlement based solely on the proportion of the settlement going to plaintiffs' counsel).

Notably, the holding of *Robidoux* was "limited to cases involving the settlement of a minor's federal claims," and the Circuit did "not express a view on the proper approach for a federal court to use when sitting in diversity and approving the settlement of a minor's state law claims." 638 F.3d at 1179 n.2. However, district courts have extended the application to state law claims. *See Calderon v. United States*, 2020 WL 3293066, at *3 (E.D. Cal. June 18, 2020) (noting that although *Robidoux* "expressly limited its holding to cases involving settlement of a

3

minor's federal claims ... district courts also have applied this rule in the context of a minor's state law claims.") (collecting cases); *see also Castro v. United States*, 2022 WL 594545, at *2 (S.D. Cal. Feb. 28, 2022) ("it is not necessary for the Court to resolve the question of whether *Robidoux* or state rules apply.  The outcome is the same.") (collecting cases).

### III.   ANALYSIS

The petition for approval of the settlement on behalf of incompetent Plaintiff Gutierrez sets forth the information required by Local Rule 202(b)(2).  Plaintiff Gutierrez is a male disabled adult, presently 26 years old, who asserts through his guardian ad litem that he suffered significant physical, emotional, and psychological injuries as a result of the excessive force used by the Defendant Officers in arresting him.  The Petition explains that on October 20, 2020, Plaintiff Keys, mother of Plaintiff Gutierrez, called for emergency services to take her then 21-year-old son who suffered from paranoid schizophrenia with psychosis to the hospital, as she believed he needed immediate mental health treatment. (Doc. No. 1 at 5).  Keys advised the emergency services dispatcher that Gutierrez suffered from paranoid schizophrenia, and that he did not have any weapons.  (*Id*.).

When the four Defendant Officers arrived on scene, Keys again advised that Gutierrez was schizophrenic, did not have weapons, and needed medical assistance.  (*Id*. at 6).  Officer Veteto first approached Gutierrez with a taser, then Officer Veteto and Lieutenant Epp approached Gutierrez together and issued commands to stop walking away and show his hands.  (*Id*. at 6; Doc. No. 53 at 7).  Gutierrez did not comply with the commands.  (Doc. No. 53 at 7).  Officer Veteto approached Gutierrez and grabbed him by the head and then grabbed him by the left arm, while Lieutenant Epp grabbed his right arm, thereby gaining control of Gutierrez.  (*Id*.; Doc. No. 1 at 6).  "Within three seconds" of the officers making physical contact with Gutierrez, Officer Schiebelhut commanded his K-9 dog to attack Gutierrez, and Gutierrez sustained bites to his hip, nose, and mouth before the K-9 was called off.  (Doc. No. 53 at 7).  Defendant Officers then handcuffed the injured Gutierrez, placed him in the back of a police car, and after about half an hour transported him to the hospital to be treated for the dog bite.  (Doc. No. 1 at 7-8).  The hospital was not alerted to Gutierrez's need for mental health treatment, and after treatment he

1  was transported to jail where he was detained without mental health treatment for two days. (*Id*.
2  at 8).

3    As a result of this incident, Gutierrez sustained physical injuries and scarring after
4  requiring eighteen stitches in his upper and lower lips. (Doc. No. 53 at 7; Doc. No. 53-1 at 3).
5  He also sustained emotional and psychological injuries including exacerbation of his existing
6  mental illness and development of "Other Specified Trauma- and Stressor- Related Disorders"
7  including insomnia, depression, anxiety, panic attacks, and PTSD symptoms. (Doc. No. 53-1 at
8  3; Doc. No. 53-2). The August 2024 psychological evaluation attached to the Petition opined that
9  Plaintiff Gutierrez' "isolation and social withdrawal since October 2020 has been a means of
10  avoiding triggering stimuli and resultant overwhelming anxiety. Mr. Guterriez subsequent
11  reclusiveness is a post-traumatic response potentially complicating his psychological state. In
12  addition to his positive and negative psychotic symptoms of psychosis, his behavior also reflects
13  symptoms of depression, anxiety, and symptoms related to a trauma reaction. Therefore, he is
14  still experiencing moderate, intermittent symptoms…." (Doc. No. 53-2 at 23).

15    In or around March 2023, Plaintiff Gutierrez was diagnosed with stage 4 testicular cancer
16  and underwent multiple surgeries. (Doc. No. 53-1 at 3). His last surgery in October or November
17  2023 rendered him unable to speak, and he had not regained his ability to speak at the time the
18  Petition was filed. (*Id*.). His cancer was deemed to be in remission by December 2023. (*Id*.).

19  **A . Terms of Settlement**

20    The total gross settlement in this case is $1,850,000. (Doc. No. 53 at 9). According to the
21  Petition, Medi-Cal seeks reimbursement for benefits paid for medical treatment of Plaintiff
22  Gutierrez in the amount of $337.05. (*Id*.). Thus, after payment of attorney's fees and costs,[3]
23  Gutierrez's mother Plaintiff Keys will receive 10% of the net settlement proceeds in the amount
24  of $104,621.34; and Plaintiff Gutierrez will receive 90% of the net settlement in the amount of
25  $1,045,212.77 to be disbursed in an upfront sum of $440,691.49, followed by a structured

---

27  [3] Plaintiffs' Counsel indicates they will hold $1,000 "in the event there are additional costs incurred
28  following the filing of [the instant] motion" that will be reimbursed if not used for costs. (Doc. No. 53 at 9 n.1).

5

settlement of $500,000 that guarantees a payout of $2,513.85 per month for life starting on January 27, 2026. (*Id*. at 5 (structured settlement plan guarantees payment for 25 years amounting to $754,155); Doc. No. 53-1 at 5; Doc. No. 53-6). The distribution among the two Plaintiffs is based on the injuries sustained and was agreed upon by Plaintiff Keys and Plaintiff Gutierrez, through his guardian ad litem, following consultation with counsel. (Doc. No. 53 at 11).

Plaintiff Keys provides total care for all of Gutierrez's needs including housing, food, and medical care. (Doc. No. 53-8 at 2). Gutierrez and Keys intend to use part of the upfront lump sum to purchase the home they are currently renting. (*Id*.). Keys also attests to her understanding that the settlement will likely make Plaintiff Gutierrez ineligible for the Social Security Income ("SSI") and Medi-Cal benefits he currently receives, and she will likely no longer receive IHSS payments for taking care of her son. (*Id*. at 2-3). She "believe[s] the benefit of settlement as outlined above outweigh the needs-based benefits," and she will be able to purchase private insurance for Gutierrez that will provide more comprehensive benefits both for his mental health treatment and possibly additional cancer treatment. (Doc. No. 53 at 14-15; Doc. No. 53-8 at 2-3).

Per the "Mediation Settlement Term Sheet" attached to the Petition, Plaintiffs agree to execute a general release of all claims, known and unknown, arising out of the dispute. (Doc. No. 53-4). The settlement was also conditioned on the approval of the governing board of the City of Visalia and the governing board of the Authority of the California Cities Excess Liability. (Doc. No. 53-1 at 5; Doc. No. 53-4). The settlement was approved by both boards as of July 21, 2025. (*Id*.).

**B. Proposed Attorney Fees and Costs**

Plaintiffs are represented by V. James DeSimone and Carmen Sabater[4] of V. James DeSimone Law. (*See* Doc. No. 53-1 at 2). Plaintiff Gutierrez, though his guardian ad litem, entered into a retainer agreement with his attorney in which he agreed to 40% attorney fees after costs. (Doc. No. 53-3). Thus, out of Gutierrez's share of the settlement proceeds, Plaintiff's

---

[4] Although listed in the Petition and in DeSimone's declaration, Carmen Sabater is not listed on the docket.

1   counsel will be awarded fees and costs in the total amount of $740,000, representing $63,450.18
2   in costs and $740,000 in attorney's fees (40% of $1,850,000). (Doc. No. 53 at 9). Plaintiffs'
3   counsel represents to the Court that he did not become involved in this matter at the request of
4   any party against whom the cause of action is asserted, does not have a relationship outside of
5   attorney-client with Plaintiff, and the only compensation Plaintiffs' counsel will receive is the
6   agreed upon contingency fee requested. (Doc. No. 53-1 at 6).

7   Plaintiffs' counsel attests that they engaged in lengthy discovery, including retaining and
8   deposing experts, taking the three Defendant Officers' depositions, defending four depositions
9   including Plaintiffs and two family members, drafting pretrial filings, and engaging in two
10  separate mediation sessions. (Doc. No. 53-1 at 4). Based upon the actions taken by counsel, and
11  the fact that Plaintiff's guardian ad litem indicates her assent to the fees and costs requested (Doc.
12  No. 53-7 at 2), the Court finds the award is fair and reasonable.

13  **C. Recovery in Similar Actions**

14  As noted above, the Court must consider the outcome of similar cases to determine
15  whether the sum to settle the minor's claims is reasonable. *See Robidoux*, 638 F.3d at 1181;
16  *Salmeron*, 724 F.2d at 1363 ("a court must independently investigate and evaluate any
17  compromise or settlement of minor's claims to assure itself that the minor's interests are
18  protected" even if the settlement is recommended by the minor's parent or guardian ad litem).

19  Here, the unopposed Petition identified similar actions to support approval of the
20  incompetent's compromise, acknowledging "the net recovery here is in excess of what has been
21  recovered in factually similar cases." (Doc. No. 53 at 18). After independent review of similar
22  actions in this district, the Court finds the recovery is appropriate. *See, e.g., Smith v. City of*
23  *Stockton*, 185 F. Supp. 3d 1242 (E.D. Cal. 2016) (approving gross settlement of $307,500 to
24  developmentally delayed adult and his sister after he was restrained by police and sustained dog
25  bites from a police K-9, with a net settlement amount to the disabled adult of $165,721.88 less
26  Medi-Cal reimbursement, litigation costs, and 40% of the gross settlement in attorney fees);
27  *Granados v. City of Gilroy Police Dep't*, 2022 WL 17489175 (E.D. Cal. Dec. 7, 2022) (approving
28

gross settlement of $175,000 for claims arising from dog bite inflicted on minor by police canine, with net amount of $90,589.95 to minor less $34,410.05 in attorney's fees and costs); *Jurgens v. Dubendorf*, 2018 WL 1960762 (E.D. Cal. Apr. 26, 2018) (approving gross settlement of $999,999 where a plaintiff diagnosed with bipolar and schizoaffective disorder alleged excessive force after a police incident, with net amount of $472,094.37 to disabled adult plaintiff less 40% of the gross settlement in attorney's fees per contingency agreement).

Based on the information provided in the Petition and the supporting documents and considering the totality of the facts and circumstances of this case, the undersigned finds the settlement serves the best interests of the disabled adult Plaintiff Gutierrez and is fair and reasonable in light of the facts of the case, the specific claims, and recoveries in similar cases.

Accordingly, **IT IS RECOMMENDED**:

1. The unopposed Petition to Approve Compromise of Disputed Claims for Person with Disability (Doc. No. 53) be **GRANTED**, and the terms of the settlement, including attorney's fees and costs, the lump sum payment of $440,691.49 to Plaintiff Gutierrez, and the purchase of an annuity in amount of $500,000.00 for the benefit of disabled adult Plaintiff that will make periodic monthly payments of $2,513.85 guaranteed for 25 years be **APPROVED IN FULL** as fair and reasonable.

2. The parties be **DIRECTED** to file with the Court a stipulation for dismissal of the action with prejudice, and lodge a separate order, no later than 45 days after these findings and recommendations are adopted.

**NOTICE TO PARTIES**

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  *Id*.; Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**.  The Court will not consider exhibits attached to the Objections.  To the extent a party

wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:    November 4, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE